Samuel C. Williams [SBN: 310420]
Samuel C. Williams, Attorney at Law, Inc.
1263 California Street
Redding, CA 96001
(530) 255-8171
FAX: (530) 255-8027
samuel.crispan.williams@gmail.com
Attorney for HER SENG YANG,
Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HER SENG YANG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SISKIYOU,<br>JOHN OTTENBERG, and<br>ANDREA FOX<br><br>　　　　Defendants. | No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF DUE PROCESS, EQUAL PROTECTION, AND EXCESSIVE FINES**<br><br>**JURY TRIAL DEMANDED** |

**1. The parties**

1. HER SENG YANG (Hereinafter "YANG") demands a jury trial in this action.

2. Yang is, and at all times mentioned herein was, an adult citizen of the United States of America. YANG is a resident of Sacramento, California but also owns real property in Siskiyou County.

3. Defendant, County of Siskiyou is, and at all times mentioned herein was, a County within the State of California.

4. Defendants Andrea Fox and John Ottenberg are sued in their individual and official capacity. Defendants Andrea Fox and John Ottenberg were at all times mentioned herein, and still are, code enforcement officers for the County of Siskiyou. Defendants Fox and Ottenberg took

administrative actions during the course of their employment related to the real property owned by YANG.

5. Defense counsel is informed and believes that both John Ottenberg and Andrea Fox are citizens of the United States and residents of Siskiyou County, California.

**2. Jurisdiction**

6. This court has jurisdiction because this complaint provides a federal issue under the Constitution of the United States of America.

**3. Statement of Facts**

7. YANG two adjoining parcels of real property in Siskiyou County, but lives in Sacramento, California. Code enforcement cited YANG's properties for violation of the Siskiyou County Personal Cannabis Cultivation Ordinance. Code Enforcement Officer John Ottenberg discovered the alleged cannabis plants and issued a citation for the violation that imposed a fine.

8. Upon YANG being notified of the violation by the county, he made arrangements to travel to Siskiyou County to resolve the issue. Upon his arrival at the property, he found that alleged cannabis plants had already been cut down and left in place. He contacted code enforcement and voluntarily allowed them access to the property to inspect. Mr. Yang was informed by code enforcement that they would not sign off that the cannabis nuisance had been abated because they did not believe the plants lawfully abated. Because Mr. Yang could not prove that the method of abatement was lawful, Code Enforcement would not verify that the nuisance had been abated.

9. Code enforcement's decision left YANG with no way to abate the nuisance and stop the fines from continuing to accrue on a daily basis. Yang's fines accrued at $1,000 per day for each of the cited properties until the maximum fine of $36,000 was reached on each violation.

10. YANG requested an administrative abatement hearing to appeal Code Enforcement's decision, but was unable pay the substantial advance fine deposit required by the county with a request for a hearing. Siskiyou county does not provide a hearing without the appellant making an advance deposit for a fine amount. The county failed to respond to YANGs request for a hearing at all, instead sending him letters informing him that the fine amounts were final and setting a deadline for their payment. These letters demanding payment, sent in the absence of any response to the hearing request, constitute an implied denial of a hearing.

### a. Legal Background

11. This lawsuit asks this court to weigh the Constitutional rights of a landowner against the County's power to regulate land use. As the United States Supreme Court wrote in the Terrace v. Thompson (1923) 263 U.S. 197:

> Equity jurisdiction will be exercised to enjoin the threatened
> enforcement of a state law which contravenes the Federal Constitution
> wherever it is essential in order effectually to protect property rights
> and the rights of persons against injuries otherwise irremediable; and
> in such a case a person, who as an officer of the State is clothed with
> the duty of enforcing its laws and who threatens and is about to
> commence proceedings, either civil or criminal, to enforce such a law
> against parties affected, may be enjoined from such action by a
> federal court of equity.

12. Siskiyou County Code section 10-14.010 begins the Siskiyou County Personal Cannabis Cultivation Ordinance. The Board of Supervisors acted under the authority granted by Article XI, section 7 of the California Constitution, Health and Safety Code section 11362.83, and Government Code sections 25845 and 53069.4.

13. California Government Code section 53069.4 (a) (1) grants the county the power to declare nuisances:

> The legislative body of a local agency, as the term "local agency" is
> defined in Section 54951, may by ordinance make any violation of

> any ordinance enacted by the local agency subject to an administrative fine or penalty. The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties.

14. States may not enact laws that hinder "the accomplishment and execution of the full purposes and objectives of Congress." Hughes v. Talen Energy Mktg., LLC , 578 U.S. 150, 136 S. Ct. 1288, 1297, 194 L.Ed.2d 414 (2016). Likewise, Counties cannot enact laws that hinder Federal or State Laws. Further, county officials may not enact and enforce policies against citizen landowners that contravene Federal, State, or County laws.

15. "[T]he purpose of Congress is the ultimate touchstone in every pre-emption case." Medtronic, Inc. v. Lohr , 518 U.S. 470, 485, 116 S.Ct. 2240, (1996) ) (internal quotations omitted).

16. Applying this presumption test to the Siskiyou County ordinance, this court must consider the clear and manifest purposes of the Siskiyou County Board of Supervisors in enacting the Siskiyou County Personal Cannabis Cultivation Ordinance. Like many of the Northern California County anti-cannabis cultivation ordinances, Siskiyou's ordinance lays out the history of California's changing state laws regarding Cannabis. Siskiyou County Code section 10-14.010 talks about Proposition 215's language "nothing in this section shall be construed to supersede legislation prohibiting persons from engaging in conduct that endangers others, or to condone the diversion of marijuana for non-medical purposes." The Ordinance also points out that "ballot arguments supporting Proposition 215 expressly acknowledged that 'Proposition 215 does not allow unlimited quantities of marijuana to be grown anywhere.'" The Board then recites amendments to the Medical Marijuana Program Act of 2004 that authorize county regulation of collective or cooperative medicinal cannabis cultivations. It should be noted that subsequent laws intended to regulate and license cannabis cultivation sunsetted the Medical

Marijuana Program's collective and cooperative cultivation defenses, replacing those defenses with a system of licensing and regulatory framework.

17. Although the County of Siskiyou has no jurisdiction to enforce federal law, the Board of Supervisors recites Congressional findings from the Controlled Substances Act that marijuana has a high potential for abuse, that has no currently accepted medical use in treatment in the United States, and that has not been accepted as safe for use under medical supervision.

18. These finding explain the Board's rationale for enacting the Siskiyou County Personal Cannabis Cultivation Ordinance.

### b. Harms of Cannabis

19. Thus, the Board of Supervisors determined that a cannabis ban was necessary in order to prevent several undesirable results for the community:

   1. Cultivation of large amounts of cannabis that would affect the public health, safety, and welfare in the County (Siskiyou County Code section 10-14.010 (j)).
   2. Criminal activity, degradation of the natural environment, malodorous smells, and indoor electrical fire hazards that may result from unregulated marijuana cultivation (Siskiyou County Code section 10-14.010 (h)).

### c. Justification of Large Fines

20. The County of Siskiyou finds that traditional nuisance abatement procedures were ineffective and a special cannabis ordinance is necessary. Siskiyou County Code section 10-14.010 (g) provides the County's findings:

> The County's unique geographic and climatic conditions, which include dense forested areas receiving substantial precipitation, along with the sparse population in many areas of the County, provide conditions that are favorable to marijuana cultivation. Marijuana growers can achieve a high per-plant yield because of the County's favorable growing conditions. The Federal Drug Enforcement Administration reports that various types of marijuana plants under

    various planting conditions may yield averages of 236 grams, or about one-half (½) pound, to 846 grams, or nearly two (2) pounds. Based on law enforcement seizures, yields in the County have tended to be at the higher end of this range. The "street value" of a single cannabis plant is substantial. Pound prices for domestically produced high-grade cannabis sold illegally within Northern California can reach Two Thousand ($2,000.00) Dollars to Five Thousand ($5,000.00) Dollars. A single marijuana plant cultivated within the County can thus yield Four Thousand ($4,000.00) Dollars or more in salable marijuana.

### d. Land Use

21. The Siskiyou County Personal Cannabis Cultivation ordinance admits that the purpose of the law is to regulate the use of land within the county. Siskiyou County Code section 10-14.010 (e) provides:

> Local land use authority over marijuana cultivation was upheld by the California Court of Appeal in Browne v. County of Tehama (2013) 213 Cal. App. 4th 704. The court specifically held that "[n]either the Compassionate Use Act nor the Medical Marijuana Program grants … anyone … an unfettered right to cultivate marijuana for medical purposes. Accordingly, the regulation of cultivation of medical marijuana does not conflict with either statute." Similarly, in City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc. (2013) 56 Cal. 4th 729, the California Supreme Court concurred that "[n]othing in the CUA or the MMP expressly or impliedly limits the inherent authority of a local jurisdiction, by its own ordinances, to regulate the use of its land …".

22. Thus, Siskiyou County asserts the right to ban cannabis cultivation as a valid exercise of its power to regulate the use of land within its jurisdiction. An innocent absentee landlord cited for his tenants' grow operation can only cooperate with the County to abate an unlawful nuisance. Once the plants are gone, the nuisance of growing marijuana no longer exists.

23. The County theorizes that the cannabis could still be within the county, for sale on the black market. This harm, while a legitimate concern, should not apply to an innocent absentee landlord. The plaintiff in this case did not remove the plants. The plaintiff does not know where

the removed plant material is. The plaintiff does not have a way to contact his tenants, who disappeared as soon as the County cited their cannabis grow.

24. To continue to fine the plaintiff because he is unable to comply is unfair. He cannot remove the plants anymore as they are already gone from his property.

**4. Mootness**

25. California Government Code section 53069.4 was amended, effective January 1, 2024, to limit the amount of fines. However, the plaintiff continues to suffer irreparable harm as a result of the County's actions in the form of outstanding fines, liens and potential sale of his real property, and the specter of continuing legal action against the plaintiff by the County. Due to the ongoing harm to the plaintiff, this court should not consider the instant action to be moot.

26. The policy of denying a hearing to cited individuals who are unable to pay the prehearing advance deposit of fines deprives individuals of an opportunity to be heard. Although the source of this policy is unknown to the plaintiff, it is clear that the County of Siskiyou now requires this advance deposit in cases where individuals are cited for violating the Siskiyou County Personal Cannabis Cultivation ordinance.

**5. Causes of Action**

**First Cause of Action**
**Violation of Procedural Due Process**
**Against all Defendants**

27. The County of Siskiyou, by and through its code enforcement officers Jon Otternberg and Andrea Fox, assessed civil penalties against the plaintiff. The plaintiff requested an administrative hearing, which the defendants denied him. He suffers the loss of his money and real property without notice or an opportunity to be heard. As applied, the ordinance that creates

this effect violates the plaintiff's rights under the Due Process clause of the 14th amendment to the United States Constitution.

28. The notices sent by Ottenberg and Fox demanding advance payment of fines prior to the scheduling of an administrative hearing are not reflected in the Siskiyou County Code as published on the Municode website as of the date of this writing. However, Plaintiff's counsel is aware of instances where County Counsel relies upon newly enacted codes that have not been released to the public. This practice in itself deprives those dealing with violation assessments of an opportunity to analyze the evidence against them in the context of the current state of the law. This also deprives the plaintiff of Due Process in these proceedings.

29. The County also denies Yang procedural fairness by denying him a notice and opportunity to be heard. By requiring an advance deposit in order to schedule an administrative hearing, the County creates a system where only those who can afford to pay the advance deposit are able to have a hearing.

**Second Cause of Action**
**Violation of Equal Protection**
**Against all Defendants**

30. The County of Siskiyou, John Ottenberg, and Andrea Fox targeted Asian-American cannabis growers above non-Asian cannabis cultivators. Former Sheriff John Lopey addressed the Board of Supervisors, claiming that Asian-American cannabis growing in Siskiyou County was the "invisible hand of organized crime."

31. By doing so, they created a suspect class based upon national origin. By charging members of this class disproportionately, defendants violate the equal protection clause of the Equal Protection clause of the 14th Amendment to the United States Constitution.

32. As a result, Asian-Americans cited with violations of the Siskiyou County Personal Cannabis Cultivation Ordinance are treated more harshly than non-Asian-Americans cited for the same violations.

**Third Cause of Action**
**Excessive Fines**
**Against All Defendants**

33. Defendants charge excessive fines, ostensibly justified by the large projected yields and profits expected to be made in the cannabis black market. While such justifications may be appropriate for individuals that engaged in prohibited conduct and reaped the rewards of that behavior, to apply such fines to an absentee landowner with no evidence of prior knowledge of the illegal cannabis grow is unfair and violates the excessive fines clause of the Eighth Amendment to the United States Constitution. The defendants' position wholly ignores two prongs of the excessive fine test: the culpability of the person fined and the private interests of the plaintiff in keeping his monetary assets and continued ownership of real property.

**6. Prayer**

Wherefore, plaintiff prays for the following relief from this court:

1. For an order reversing the fines assessed by Siskiyou County.
2. For a declaration that the County's policy of requiring an advance deposit of assessed fines in full prior to a hearing being scheduled is unconstitutional and void as applied to the instant plaintiff.
3. For compensatory damages according to proof.
4. For an award of plaintiff's attorney's fees and costs in this suit.

Dated:   January 18, 2024

                                            **/s/ Samuel C> Williams_____**
                                            **Samuel C. Williams**
                                            **Attorney at Law Inc.**
                                            **Attorney for Plaintiff**
                                            **Her Seng Yang**