1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HER SENG YANG,                           No.  2:24-cv-00251-DAD-CSK

12                 Plaintiff,

13        v.                                   ORDER GRANTING MOTION TO
                                               WITHDRAW AS COUNSEL OF RECORD
14   COUNTY OF SISKIYOU, et al.,               FOR PLAINTIFF HER SENG YANG

15                 Defendants.                 (Doc. No. 21)

16

17        On November 26, 2024, Samuel C. Williams moved to withdraw as counsel of record for

18   plaintiff Her Seng Yang.  (Doc. No. 18.)  The matter came before the court for a hearing on

19   January 13, 2025.  (Doc. No. 20.)  Attorney Williams appeared by video on behalf of plaintiff.

20   (*Id.*)  Plaintiff did not appear.  (*Id.*)  Attorney Patrick Deedon appeared by video on behalf of

21   defendants.  (*Id.*)  At the hearing, the court denied the motion to withdraw without prejudice to its

22   renewal so that counsel could provide additional details as to prior unsuccessful contacts with

23   plaintiff.  (*Id.*)  On March 3, 2025, attorney Williams again moved to withdraw as counsel of

24   record for plaintiff for the reasons set forth in counsel's supporting declaration.  (Doc. No. 21.)

25   On March 5, 2025, defendants filed a statement of non-opposition to the motion.  (Doc. No. 22.)

26   For the reasons explained below, the pending motion to withdraw as counsel of record (Doc. No.

27   21) will be granted.

28   /////

                                        1

In this district, an attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d). Rule 1.16 of the California Rules of Professional Conduct provides that an attorney shall withdraw from the representation of a client if the client discharges the lawyer. Cal. R. Prof. Conduct 1.16(a)(4). Rule 1.16 also provides several grounds upon which an attorney *may* seek to withdraw, including when: (i) the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively"; or (ii) "the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(4), (6) (emphasis added). However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

The decision to grant or deny an attorney's motion to withdraw pursuant to Rule 1.16(b) is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

/////

In his declaration, plaintiff's counsel states that he has been unable to reach plaintiff since mid-January 2024. (Doc. No. 21-1 at ¶ 3.) He and his staff have made numerous outreach attempts, including an email sent January 31, 2024, correspondence by mail and email sent August 5, 2024, an email sent September 6, 2024, a call made October 8, 2024, mail sent October 11, 2024, a call made October 30, 2024, and an attempted contact on November 26, 2024. (*Id.* at ¶¶ 5–10.) Counsel's office also mailed his intent to withdraw to plaintiff at his last known address (1926 Bonavista Way, Sacramento, CA 95832). (*Id.* at ¶ 11.)

Because plaintiff has not participated in this action since mid-January 2024, defendants' statement of non-opposition seeks dismissal of the case for lack of prosecution, or in the alternative, modification of the scheduling order to provide sufficient time to conduct discovery, including necessary motions to compel. (Doc. No. 22 at 3.)

Having considered the pending motion to withdraw, attorney Williams's declaration, and defendants' statement of non-opposition, the court finds that counsel has described sufficient grounds for withdrawal consistent with the California Rules of Professional Conduct and has complied with the Local Rules' procedural requirements for withdrawal. Accordingly, the court will grant the pending motion to withdraw as counsel of record for plaintiff (Doc. No. 21). Further, the court will vacate all pending deadlines and issue an order to show cause why this action should not be dismissed due to plaintiff's failure to prosecute.

For the reasons explained above,

1. Attorney Samuel C. Williams's motion to withdraw as counsel of record for plaintiff Her Seng Yang (Doc. No. 21) is GRANTED;

2. Attorney Samuel C. Williams shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of any unearned fees;

3. Plaintiff Her Seng Yang is substituted in *pro se* and is directed to comply with the court's orders and the Local Rules of this district;

4. The Clerk of the Court is directed to TERMINATE attorney Samuel C. Williams as the counsel of record for plaintiff Her Seng Yang;

5.    The Clerk of the Court is also directed to ENTER the following contact

information as the address of record for Her Seng Yang;

> Her Seng Yang
> 1926 Bonavista Way
> Sacramento, CA 95832

6.    All pending deadlines are hereby VACATED;

7.    Plaintiff Her Seng Yang is ORDERED TO SHOW CAUSE within 14 days of the

date of entry of this order why this action should not be dismissed due to plaintiff's

failure to prosecute; and

8.    The Clerk of the Court is directed to SERVE this order on plaintiff Her Seng Yang

by mail.

IT IS SO ORDERED.

Dated:    **March 6, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4