UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HER SENG YANG, | No. 2:24-cv-00251-DAD-CSK |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |
| COUNTY OF SISKIYOU, et al., | |
| Defendant. | |

On March 7, 2025, the court issued an order directing plaintiff to show cause, no later than March 21, 2025, "why this action should not be dismissed due to plaintiff's failure to prosecute." (Doc. No. 23 at 4.)[1] Plaintiff's deadline to respond to that order has now passed, and plaintiff has not filed a response or otherwise communicated with the court.

Because "plaintiff has not participated in this action since mid-January 2024" despite "numerous outreach attempts" from plaintiff's former counsel (Doc. No. 23 at 3), it appears that plaintiff no longer wishes to prosecute this action but rather has abandoned the litigation.

/////

---

[1] This order requiring plaintiff to show cause was issued only after the court granted the motion to withdraw as counsel of record brought by plaintiff's former counsel in this case. (Doc. No. 23.) As fully outlined in that order, counsel made a detailed showing of his unsuccessful efforts to communicate with plaintiff throughout the calendar year of 2024 regarding this action. (*Id*. at 3.)

1

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

Moreover, the Local Rules of this court state that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260 (9th Cir. 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to defendants all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to plaintiff's failure to prosecute and failure to comply with the court's orders.

/////

/////

/////

For the reasons set forth above:

1. This action is DISMISSED due to plaintiff's failure to obey court orders to respond to the March 7, 2025 order to show cause (Doc. No. 23), and to prosecute this action; and

2. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE